UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HUSSEIN ABDALLAH (D-1),

    Defendant.

_____/

Case No. 19-20821

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
SENTENCE REDUCTION UNDER AMENDMENT 821 [379]**

Defendant Hussein Abdallah is currently in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution Morgantown. The matter is before the Court on Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and guideline Amendment 821, Part B. (ECF No. 379, filed under seal.) The government opposes the motion. (ECF No. 388.) Defendant has replied. (ECF No. 389.) For the reasons below, the Court DENIES Defendant's motion for a sentence reduction.

**I.    Background**

On October 11, 2022, Defendant pled guilty to conspiracy to commit mail and wire fraud under 18 U.S.C. § 1349. (ECF No. 252.) On June 27, 2023, the Court sentenced Defendant to a term of 60 months in custody. (ECF No. 348.) Defendant now moves for a reduction to 48 months. Defendant's current projected release date is October 21, 2027.

**II.    Analysis**

Under § 3582(c)(2), the Court may modify the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the

1

factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Eligibility for a reduction under this provision is triggered only by an amendment that lowers the defendant's applicable guideline range that was made retroactive by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a)(2); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010).

Here, the retroactive amendment at issue is Part B of Amendment 821, which recently amended the guidelines to include a two-point reduction of the offense level for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. To be eligible, a defendant must meet certain criteria, including the following: "the defendant did not receive an adjustment under [U.S.S.G.] § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See* § 4C1.1(a)(10). Even though Defendant was a zero-point offender, both the probation department and the government believe that he is not eligible for the reduction because he received an adjustment under § 3B1.1(c) as "an organizer, leader, manager, or supervisor" in the criminal activity. Defendant argues, however, that a person must both receive an Aggravating Role adjustment and have engaged in a continuing criminal enterprise to be disqualified from the reduction under § 4C1.1(a)(10). Because he was not engaged in a continuing criminal enterprise, he avers that he is eligible.

The Court starts with the plain language of the relevant provision, which reads as follows:

> *If the defendant meets all of the following criteria:*
> (1) the defendant did *not* receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did *not* receive an adjustment under § 3A1.4 (Terrorism);

2

    (3) the defendant did *not* use violence or credible threats of violence in connection with the offense;
    (4) the offense did *not* result in death or serious bodily injury;
    (5) the instant offense of conviction is *not* a sex offense;
    (6) the defendant did *not* personally cause substantial financial hardship;
    (7) the defendant did *not* possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
    (8) the instant offense of conviction is *not* covered by § 2H1.1 (Offenses Involving Individual Rights);
    (9) the defendant did *not* receive an adjustment under § 3A1.1. (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
    (10) the defendant did *not* receive an adjustment under § 3B1.1. (Aggravating Role) and was *not* engaged in a continuing criminal enterprise, as defined 21 U.S.C. § 848;

  decrease the offense level determined under Chapters Two and Three by 2 levels.

§ 4C1.1(a) (emphasis added). Not only does the provision state that a defendant must meet "all of the following criteria" to be eligible, but also all the criteria are couched in terms of what a defendant did "not" do. Thus, it follows that the presence of any of the listed criteria precludes relief under Amendment 821. *See United States v. Mahee*, No. 1:21-cr-00494, 2023 U.S. Dist. LEXIS 216654, at *5 (N.D. Ga. Dec. 6, 2023) (noting that Defendant's argument "would only be correct if the provision were phrased in terms of what the government would have to prove *was* true of the defendant, but the statute is phrased in terms of what the defendant must show was *not* true of him") (internal quotation marks and citations omitted); *see also United States v. Owusu*, No. 3:18cr77-TKW, 2023 U.S. Dist. LEXIS 233861, at *2 (N.D. Fla. Nov. 21, 2023) ("as a matter of logic, if a zero-point offender is only eligible for a 2-level decrease when both A and B are false, then it necessarily follows that he is not eligible if either A or B is true"). Because Defendant cannot show that he did not receive an Aggravating Role adjustment, he is not eligible for a reduction.

This reasoning is consistent with the Sixth Circuit's interpretation of similar language in 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4) applicable to the safety-valve provision. *See United States v. Bazel*, 80 F.3d 1140, 1142 (6th Cir. 1996). There, the relevant language is: "the court shall impose a sentence pursuant to the guidelines without regard to any statutory minimum sentence, if the court finds at sentencing that – (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See id.* at 1142 (internal quotation marks and citations omitted). The *Bazel* court found that this subsection required the district court "to make a finding *both* that the defendant was not an organizer, leader, manager, or supervisor *and* that the defendant was not engaged in a CCE in order to open the safety valve." *Id.*; *see also Pulsifer v. United States*, 144 S. Ct. 718, 723 (2024) (finding the requirement in § 3553(f)(1) applicable to the safety-valve provision that a defendant "'does not have A, B, and C' creates a checklist with three distinct conditions," not "a single amalgamated condition for relief").

Other courts that have been presented with the same argument agree. One court recently stated that it "found twenty-four reported decisions from federal district courts around the country" addressing this issue and "[e]very court thus far has rejected the argument that U.S.S.G. § 4C1.1(a)(10) precludes Amendment 821 relief only when a defendant received a U.S.S.G. § 3B1.1 adjustment *and* engaged in a continuing criminal enterprise." *See United States v. Arroyo-Mata*, No. 1:09-cr-13-TCB, 2024 U.S. Dist. LEXIS 62601, at *3-4, 4 n.6 (N.D. Ga. Apr. 1, 2024) (citing cases).

4

Despite both the statutory language and the relevant caselaw, Defendant argues that the Court should rely on the rule of lenity and choose the less harsh reading. But "the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *See United States v. Castleman*, 572 U.S. 157, 172-73 (2014) (internal quotation marks and citation omitted). There is no such ambiguity here.[1] *See Pulsifer*, 144 S. Ct. at 737 (declining to apply the rule of lenity after finding the relevant statutory language not ambiguous).

In sum, § 4C1.1(a)(10) is properly read to exclude any defendant who either had an Aggravating Role adjustment or engaged in a continuing criminal enterprise. Because Defendant received an Aggravating Role adjustment, he is not eligible for a reduction under Amendment 821, Part B.[2]

### III.   Conclusion

For the reasons above, Defendant's motion for a sentence reduction is DENIED.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: April 23, 2024

---

[1] For this reason, the Court need not address the government's argument that the rule of lenity does not apply because § 4C1.1(a)(10) is not a penal law.

[2] In light of this finding, the Court does not consider the § 3553(a) factors. *See Dillon*, 560 U.S. at 826 ("A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).").

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 23, 2024, by electronic and/or ordinary mail.

s/Johnetta Curry-Williams
Case Manager
